J. S21017/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMES STEVEN KNIGHT, | : | |
| | : | |
| Appellant | : | No. 1008 WDA 2016 |

Appeal from the PCRA Order June 1, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No.: CP-25-CR-0000181-2012

BEFORE: LAZARUS, J., DUBOW, J., and STRASSBURGER, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED MARCH 28, 2017**

Appellant, James Steven Knight, appeals *pro se* from the June 1, 2016

Order entered in the Erie County Court of Common Pleas denying his second

Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.

§§ 9541-9546.  After careful review, we affirm on the basis that Appellant's

PCRA Petition is untimely and this Court, thus, lacks jurisdiction to review it.

On August 16, 2012, Appellant entered a guilty plea to Third-Degree

Murder after beating his girlfriend's 19-month-old son to death.  The trial

court sentenced Appellant to an aggregate term of 180 to 420 months'

imprisonment.  This Court affirmed Appellant's Judgment of Sentence on

October 1, 2013.  ***Commonwealth v. Knight***, No. 1951 WDA 2012 (Pa.

Super. filed October 1, 2013) (unpublished memorandum).  Our Supreme

---

[*]Retired Senior Judge assigned to the Superior Court.

Court denied allowance of appeal on April 22, 2014. ***Commonwealth v. Knight***, 89 A.3d 1283 (Pa. 2014). His Judgment of Sentence, thus, became final on July 21, 2014. ***See*** 42 Pa.C.S. § 9545(b)(3); U.S. Sup. Ct. R. 13.

On April 23, 2015, Appellant filed his first PCRA Petition. The PCRA court appointed counsel, and counsel sought to withdraw. After providing Notice to Appellant pursuant to Pa.R.Crim.P. 907, the PCRA court denied Appellant's Petition without a hearing on July 2, 2015, and granted counsel's petition to withdraw.

Appellant attempted to appeal the denial, as he accurately summarized as follows:

> On July 2, 2015, the Court entered a Final Order denying Appellant's PCRA Motion for reasons set forth in the Court's Notice of Intent to Dismiss. On August 3, 2015, Appellant filed a [] Notice of Appeal with the Clerk of Courts, from the Final Order of July 2, 2015, and accompanied it with a cash slip dated July 30, 2015. On August 4, 2015, the Clerk of Court sent a letter to Appellant, stating that it was unable to process the appeal due to Appel[l]ant failing to include the [] appropriate filing fees payable to the Clerk of Courts and to the Superior Court of Pennsylvania. On August 14, 2015, Appel[l]ant filed an application to proceed in forma pauperis. On August 18, 2015, the Court denied the request to proceed in forma pauperis as there was nothing pending before the Court.
>
> On February 22, 2016, Appellant filed a Post-Conviction Collateral Relief [Petition], asserting improper obstruction of government officials, due process violation and abuse of discretion. Appellant avers that the Court had [erred] in denying the application for IFP.

Appellant's Brief at 4-5.

On February 22, 2016, Appellant filed the instant *pro se* PCRA Petition, his second, alleging, *inter alia*, error in the denial of his IFP Petition which amounted to the "improper obstruction by government officials of [Appellant's] right of appeal where a meritorious appealable issue[] existed and was properly preserved in the trial court."  Appellant's PCRA Petition, 2/22/16, at 3.  After providing Notice to Appellant pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed Appellant's Petition without a hearing on June 1, 2016.  Appellant filed a timely Notice of Appeal.

Appellant presents the following three issues for our review:

1) Whether trial court errored [*sic*] and decision was an abuse of discretion, when trial court dismissed Appellant's PCRA Petition for timeliness by citing the exception rule in [its] final order[?]

2) Was trial counsel ineffective for failing to properly and effectively, challenge the presentence investigation report prepared by the adult probation office, that contained inaccurate information on his client[?]

3) Whether trial court errored [*sic*] and actions were an abuse of discretion, when trial court was informed of inaccuracies in presentence investigation report and did not hold a hearing[?]

Appellant's Brief at 3 (capitalization omitted).

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error.  ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014).  This Court grants great deference to the findings of the PCRA court if they are supported by the record.  ***Commonwealth v. Boyd***, 923 A.2d 513, 515 (Pa. Super. 2007).  We give no such deference, however, to the court's

legal conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012).

To be eligible for relief pursuant to the PCRA, Appellant must establish, *inter alia*, that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S. § 9543(a)(2). Appellant must also establish that the issues raised in the PCRA petition have not been previously litigated or waived. 42 Pa.C.S. § 9543(a)(3). An allegation of error "is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal[,] or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b).

There is no right to a PCRA hearing; a hearing is unnecessary where the PCRA court can determine from the record that there are no genuine issues of material fact. ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008).

Before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition. ***See Commonwealth v. Hackett***, 956 A.2d 978, 983 (Pa. 2008) (explaining that the timeliness of a PCRA Petition is a jurisdictional requisite).

Under the PCRA, any Petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A Judgment of Sentence becomes final

"at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Appellant's Judgment of Sentence became final on July 21, 2014, upon expiration of the time to file a Petition for Writ of *Certiorari* with the United States Supreme Court. **See** 42 Pa.C.S. § 9545(b)(3); U.S. Sup. Ct. R. 13. In order to be timely, Appellant needed to submit his PCRA Petition by July 21, 2015. **Id**. Appellant filed this second PCRA Petition on February 22, 2016, 7 months after the deadline. The PCRA court properly concluded that Appellant's Petition is facially untimely. PCRA Court Opinion, filed 8/29/16, at 1 n.1.

Pennsylvania courts may consider an untimely PCRA petition, however, if the appellant pleads and proves one of the three exceptions set forth in 42 Pa.C.S. § 9545(b), which provides the following:

**(b) Time for filing petition.**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1)-(2). **See, e.g., Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000) (reviewing specific facts that demonstrated the claim had been timely raised within 60-day timeframe).

Appellant not so effectively attempts to invoke the timeliness exception for governmental interference pursuant to Section 9545(b)(1)(i). Appellant claims that the PCRA court misconstrued his filing as a second PCRA Petition, when it really was filed to obtain *nunc pro tunc* permission to appeal from the denial of his first PCRA Petition. Appellant argues that the PCRA court erred in requiring him to plead and prove one of the three timeliness exceptions in order to obtain *nunc pro tunc* relief. Appellant's Brief at 7. Notwithstanding his current characterization, Appellant's

- 6 -

allegations throughout his filings sound in government interference. *Id*. at 4-5.

Our review of the certified record reveals that Appellant failed to meet the 60-day requirement provided in Section 9545(b)(2). On August 4, 2015, the Clerk of Court notified Appellant that it was unable to process his appeal. On August 18, 2015, the PCRA court denied Appellant's request to proceed *in forma pauperis*. At this point, the time for filing a Notice of Appeal had expired. Appellant, thus, had 60 days from August 18, 2015 to file a PCRA Petition premised on the denial of this IFP request.

Appellant did not present this claim by October 19, 2015. Rather, Appellant filed this PCRA Petition on February 22, 2016, more than four months too late. As a result, Appellant failed to prove that he filed this facially untimely PCRA Petition within 60 days of the date he could have presented the claim in accordance with Section 9545(b)(2).

Moreover, Appellant's challenge to the denial of IFP status is waived. The PCRA is clear that an issue is waived if the petitioner could have raised the issue on appeal or in a prior PCRA proceeding. 42 Pa.C.S. § 9544(b). As the PCRA Court opined:

> To the extent [Appellant] attempts to utilize the instant [PCRA] Petition as the means to appeal or request reconsideration of the [c]ourt's denial on August 18, 2015 of [Appellant's] IFP request relative to the initial collateral proceedings, the PCRA [Petition] must be denied. Rather than request reconsideration of the [c]ourt's Order at that time, [Appellant] sat on his rights for an additional six months, and then filed the instant PCRA [P]etition in late February, 2016.

Pa.R.Crim.P. 907 Notice, 5/5/16, at 4-5.  We agree.

Accordingly, the PCRA court properly concluded that Appellant failed to plead and prove any of the timeliness exceptions provided in 42 Pa.C.S. § 9545(b)(1), and properly dismissed Appellant's Petition as untimely.  ***See*** PCRA Court Opinion at 1-2.  We, thus, affirm the denial of PCRA relief.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/28/2017